UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CYBERXFORCE CORPORATION and DIGITALXFORCE CORPORATION, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| INSPIRA ENTERPRISE INDIA LIMITED and INSPIRA ENTERPRISE, INC., | § § § § | Civil Action No. 4:23-cv-00452-O |
| Defendants/Third-Party Plaintiffs, | § § § | |
| v. | § § | |
| LALIT AHLUWALIA and INSPIRE CYBERX EXCELLENCE, INC., | § § § § | |
| Third-Party Defendants. | § | |

## ORDER

The Court previously issued its Memorandum Opinion & Order (ECF No. 46) on June 14, 2023. In that Order, the Court compelled all parties to arbitration, but deferred ruling on the narrower issue of the impact of the purported injunctive relief carveout in the parties' employment agreement (the "Agreement"). ECF No. 46 at 1. The Court addresses this issue now and finds that the carveout is clear as to *which* party may seek injunctive relief from a court of law, but unclear as to *when* that injunctive relief may be sought. Accordingly, the Court **GRANTS in part** and **DENIES in part** Third-Party Defendants' Motion to Compel Arbitration and Rule 12(b)(3) Motion to Dismiss (ECF No. 25),[1] **DENIES** Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4), **DENIES** Plaintiffs' Motion for Evidentiary Hearing on

---

[1] The Court compels this entire case to arbitration but does not dismiss any of the parties.

Motion for Temporary Restraining Order (ECF No. 36), and **DEFERS** Defendants' Application for Preliminary and Permanent Injunctive Relief (ECF No. 22) pending the outcome of the arbitration.

As stated in the Court's June 14, 2023 Order, the Agreement "contains sections which appear to allow [Defendants] the option to seek injunctive relief from a court of competent jurisdiction as a remedy to an employee's breaches of the Agreement." ECF No. 46 at 10. At most, "the carveout functions as an *additional* remedy available to [Defendants] on top of whatever relief arbitration might provide." *Id.* (emphasis added). Because the plain language of the injunctive relief clause only provides the right to seek injunctive relief from a court of law to Defendants, Plaintiffs may not seek any desired injunctive relief from this Court. Therefore, Plaintiffs' request for injunctive relief is **DENIED**.

As to whether Defendants may seek injunctive relief outside of the arbitration proceeding, the Court finds the Agreement ambiguous on this point and defers the question to the arbitrator. Looking to the language in the parties' contract, the Agreement specifies that "the Company *may* be entitled to injunctive relief," but that such relief operates "*in addition to* any other remedy that may be available to the Company."[2] Furthermore, a parallel provision in the Agreement recognizes that "misappropriation . . . may cause the Company irreparable harm" and authorizes "injunctive relief preventing or limiting the disclosure of any of the Company's Confidential Information."[3] Although the Agreement acknowledges that "[n]othing contained herein will be construed as prohibiting the Company from pursuing any other remedies . . . at law or in equity," it is unclear how the carveout is meant to function. Perhaps the sole function of the carve out provision is to form a temporary safeguard that will preserve the status quo until the parties can arbitrate. Or

---

[2] Defs.' Resp. to Mot. to Arbitrate 5, ECF No. 41 (emphases added).
[3] *Id.*

perhaps the carveout is meant to allow Defendants to pursue injunctive relief in a court of law while simultaneously participating in an active arbitration. The Agreement is unclear on this point.

By their conduct, Defendants seemingly subscribe to the first interpretation that the carveout is meant as a procedural safeguard to preserve the status quo on the way to arbitration. In fact, Defendants appear to have initially utilized the carveout for this exact purpose when they sought temporary equitable relief from a Texas state court on April 21, 2023 before nonsuiting that action due to commencement of the arbitration.[4] Nevertheless, the Court finds the exact operation of the carveout to be ambiguous as to which of the possible interpretations control.

When contract ambiguities give rise to questions of arbitrability, the Court ordinarily decides those questions itself. However, arbitrability questions may be reserved for the arbitrator where "the parties have clearly and unmistakably agreed to arbitrate arbitrability" in their contract. *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262 (5th Cir. 2014). The placement of the carveout clause supplies such evidence. *See Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 277, 281 (5th Cir. 2019) (holding that the "except for actions seeking injunctive relief" language within the arbitration clause did not demonstrate clear evidence to delegate arbitrability).

Here, there is clear evidence that the Agreement contemplates arbitration as the primary forum to resolve the parties' disputes and that all questions of arbitrability—such as impact of the injunctive relief clause—are reserved for the arbitrator. The injunctive relief carveout is not located within the broad arbitration clause. Instead, it is found in two exhibits appended to the main agreement containing the arbitration clause.[5] Absent language in the arbitration clause excluding certain claims from arbitration, the possible availability of injunctive relief does not limit the

---

[4] Pls.' Compl. 19–20, ECF No. 1.
[5] Defs.' Appendix to Resp. to Mot. to Arbitrate 13–17, ECF No. 42.

arbitrability of any dispute between the parties—including the available timing of injunctive relief. Because the placement of the carveout outside of the arbitration clause offers clear evidence of the parties' intent, the Court finds that the parties agreed to delegate such questions of arbitrability to the arbitrator.

Moreover, the Fifth Circuit has concluded that the explicit incorporation of JAMS Rules in the arbitration clause also qualifies as "clear and unmistakable" evidence of the parties' intent to arbitrate arbitrability. *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 546 (5th Cir. 2016) (citing *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674–75 (5th Cir. 2012)). The plain language of the Agreement states that "[a]ny dispute or claim . . . concerning or arising from this Agreement . . . will be submitted to binding arbitration administered by JAMS pursuant to its Employment Arbitration Rules & Procedures."[6] The parties' broad arbitration clause expressly agreed to send "[a]ny dispute or claim" to arbitration and that the JAMS Employment Arbitration Rules & Procedures would govern.[7] And the JAMS Rules provide that arbitrability disputes "shall be submitted to and ruled on by the Arbitrator."[8] Finding the Agreement ambiguous on the question of whether Defendants can only seek provisional relief prior to an arbitration, the Court delegates this ambiguity to the arbitrator to consider given the "[a]ny dispute or claim" language and express incorporation of the JAMS Rules. Therefore, Defendants may either raise the question regarding the impact of the carveout for the arbitrator to decide in the first instance or, alternatively, seek the requested injunctive relief from the arbitrator.

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Third-Party Defendants' Motion to Compel Arbitration and Rule 12(b)(3) Motion to Dismiss,[9] **DENIES**

---

[6] Defs.' Resp. to Mot. to Arbitrate 4, ECF No. 41.
[7] *Id.*
[8] *See* JAMS Rule 11(b)).
[9] The Court compels this entire case to arbitration but does not dismiss any parties from this case.

Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, **DENIES** Plaintiffs' Motion for Evidentiary Hearing on Motion for Temporary Restraining Order, **DEFERS** ruling on Defendants' Application for Preliminary and Permanent Injunctive Relief, and **STAYS** this case pending the outcome of the parties' arbitration. Accordingly, all deadlines in this matter are hereby stayed. The Court retains jurisdiction over this matter, pending the outcome of arbitration, and directs the clerk to administratively **CLOSE** this case. Furthermore, the parties are **ORDERED** to provide regular status reports on this case every 90 days, beginning on, or before, **November 13, 2023**. Upon the conclusion of arbitration, the parties **SHALL** either (1) file a stipulation of dismissal or (2) file a motion to reopen this case.

      **SO ORDERED** this **14th day** of **August, 2023**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**